UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### CASE NO: 11-20172-KING

UNITED STATES OF AMERICA,

     Plaintiff,

v.

FRANK ARANA,

     Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon the Motion for Summary Judgment (DE #7), filed by the United States March 4, 2011. Defendant Arana did not file a response to the Motion within the time permitted by the Federal and Local Rules, and the Court *sua sponte* granted Defendant ten additional days to file a response. (DE #8). In the Order, the Court expressly warned Defendant that, "at the end of that time, if Defendant has not filed any opposition with affidavits or other supporting documents to rebut the Government's evidence, the Court will have no alternative but to enter summary judgment against him." (DE #8 at 2). The additional ten-day time-period expired at 5:00 p.m. on Monday, April 4, 2011. To date, Defendant has not filed any response to the Motion.

### I.    Legal Standard

In general, summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

A district court is not permitted to grant a motion for summary judgment by default, simply because the nonmoving party has failed to file a response to the motion. *Trustees of Central Pension Fund of Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Serv.*, 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating summary judgment upon finding summary judgment had been granted "as a sanction for merely failing to file a response to a motion for summary judgment"). Instead, even where no response has been filed, a district court must examine the merits of the case. *Id.* However, the court applies the ordinary summary judgment standard to such a case, and is not required, "in the absence of any proof, [to] assume that the nonmoving part could or would prove the necessary facts." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (quoting *Badon v. RJR Nabisco, Inc.*,

2

224 F.3d 382, 393–94 (5th Cir. 2000)).  Pursuant to Federal Rule of Civil Procedure 56(e),

if a party "fails to properly address another party's assertion of fact," the court may: "(1) give

an opportunity to support or address the fact; (2) consider the fact undisputed for purposes

of the motions; [or] (3) grant summary judgment if the motion and supporting

materials—including the facts considered undisputed—show that the movant is entitled to

it." Fed. R. Civ. P. 56(e).  In addition, this Court's Local Rules provide: "All material facts

set forth in the movant's statement filed and supported as required by Local Rule 7.5(c)[1] will

be deemed admitted unless controverted by the opposing party's statement, provided that the

Court finds that the movant's statement is supported by evidence in the record."  S.D. Fla.

L.R. 7.5(d).

## II.    Discussion and Analysis

In the instant case, the United States has sued Defendant Arana to recover the

proceeds of an allegedly defaulted student loan. (DE #1).  In his Answer, Defendant disputed

the amount the United States claims is due and owing. (DE #5).  In support of its Motion for

Summary Judgment, the Government has furnished Defendant's promissory note, a

Certificate of Indebtedness, and affidavits showing the principal amount due is $2,620.28,

together with interest of $2,736.80. *See* DE #7-2, 7-3, 7-4.  The Court has reviewed and

thoroughly considered the Government's Motion for Summary Judgment, and all its

---

[1]Local Rule 7.5(c) requires that a statement of material facts in support of or in opposition
to a motion for summary judgment "be supported by specific references to pleadings,
depositions, answers to interrogatories, admissions, and affidavits on file with the Court." S.D.
Fla. L.R. 7.5(c).

supporting documents. The Court finds that the United States has satisfied its burden as the party moving for summary judgment, and has shown there is no genuine issue of material fact for trial.

On this record, the only facts that would rebut the Government's initial showing are the denials contained in Defendant Arana's Answer to the Complaint. However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotations and citations omitted); *Keller v. Dravo Corp.*, 441 F.2d 1239, 1245 (5th Cir. 1971)[2] ("Allegations in pleadings normally cannot create a fact issue which will defeat a motion for summary judgment supported by affidavits which negate those allegations."). Under Rule 56, the proper materials for supporting or opposing summary judgment include "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A); *see also* S.D. Fla. L.R. 7.5(c) (requiring "specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court" to support or oppose summary judgment).

Defendant has submitted no such materials. Because the Court has given Defendant

---

[2]Decisions of the United States Court of Appeals for the Fifth Circuit handed down by the close of business on September 30, 1980 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

ample "opportunity to . . . address the fact[s]" set forth in the Government's Motion for Summary Judgment, the Court now "consider[s those] facts undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); S.D. Fla. L.R. 7.5(d). Thus, Defendant has not carried his burden of showing "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment must be entered against him. *See, e.g., Griffin v. Phil's Auto Body*, Case No.09-81406-CIV, 2010 WL 5393491 (S.D. Fla. Dec. 21, 2010) (granting summary judgment where movant met his burden of showing no genuine issue of material fact and nonmovant failed to file a response to the motion).

## III.   Conclusion

Accordingly, after a careful review of the record and for the foregoing reasons, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1.    The Motion for Summary Judgment **(DE #7)** filed by the United States is **GRANTED.**

2.    Plaintiff **SHALL** recover from Defendant Frank Arana the sum of **$2,620.28 in unpaid principal,** plus the amount of **$2,736.80 in interest,** plus interest at the rate of **7% per annum** on the unpaid principal of this Judgment, **$30.00 fee for service of the Summons** per 28 U.S.C. § 2412(b), plus the amount of **$900.00 in attorneys' fees,** pursuant to the terms of the promissory note executed by Defendant.

3.      This judgment **SHALL** bear interest at the rate as prescribed by 28 U.S.C. §
1961.

3.      This case is **DISMISSED.**  The Clerk of Court shall **CLOSE** this case.

4.      All pending motions are **DENIED as moot.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice
Building and United States Courthouse, Miami, Florida this 8th day of April, 2011.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for the United States*

**Jennifer Margolis Marquez**
David E. Newman, P.A.
1533 Sunset Drive
Suite 225
Coral Gables, FL 33143
305-665-9633
Fax: 305-666-9714
Email: jenmargolis@bellsouth.net

*Defendant (pro se)*

**Frank Arana**
15601 SW 137th Ave.
Apt. 259
Miami, Florida 33177

6